# Crane Railroad Company *v.* The Philadelphia and Reading Railway Company, Appellant.

*Railroads—Transportation of cars—Rates—Interstate commerce —Intrastate commerce—Parties—Joint liability—Affidavits of defense—Insufficient averments.*

1. Where a railroad company transports for a connecting carrier cars used in interstate commerce, the lawful charges for such service are the rates fixed in the schedules on file with the Interstate Commerce Commission, and if the carrier for whom the service is performed fails or refuses to pay the full rate charged in such schedule, the carrier performing the service may recover the difference.

2. Where in an action by a railroad company against other railroads plaintiff sought to recover the same charge for transporting cars not used in interstate commerce as for those so engaged, an affidavit of defense was insufficient which alleged that a former rate lower than the rate which plaintiff sought to collect was just, reasonable and fair and all that defendant agreed to pay, in the absence of any allegation that the rate which plaintiff sought to collect was not just, reasonable and fair, or of any allegation of an express contract as to the freight.

3. Where in such case two railroad companies were jointly sued and the plaintiff's declaration made out a prima facia case of joint liability, the allegation in the affidavit of defense that the two defendants were separate corporations owning and operating their own railroads, did not necessarily show that there was not a joint liability with respect to the transportation which was the subject of the action; defendants might have been engaged in a joint adventure or the circumstances might have been such as to render them jointly liable.

Argued Jan. 31, 1916. Appeal, No. 211, Jan. T., 1915, by defendants, from judgment of C. P. Lehigh Co., Sept. T., 1913, No. 59, for plaintiff, for want of a sufficient affidavit of defense, in case of Crane Railroad Company *v.* The Philadelphia and Reading Railway Company and the Catasauqua and Fogelsville Railroad Company. Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Assumpsit for freight charges.

Rule for judgment for want of a sufficient affidavit of defense.   Before GROMAN, P. J.

The opinion of the Supreme Court states the facts.

The court made absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense.   Defendants appealed.

*Error assigned* was the judgment of the court.

*Dewalt & Reno,* for appellants.—The judgment in this case cannot be sustained because the defendants were jointly sued: Fawcett v. Fell, 77 Pa. 308.

The plaintiff's alleged tariffs were intended for the information and guidance of shippers and consignees on its line of railroad, but they were not intended to control plaintiff's contract relations with other common carriers: New York, New Haven & Hartford R. R. Co. v. Platt, et al., 7 I. C. C. 323; Fred G. Clark Co. v. Lake Shore & Mich. So. Ry. Co., et al., 11 I. C. C. 558; Coal Rates on the Stony Fork Branch, 26 I. C. C. 168.

*Cyrus G. Derr,* with him *William J. Turner* and *George W. Aubrey,* for appellee.—The defendants were properly charged the rate fixed in the tariffs: New York, New Haven & Hartford R. R. Co. v. Platt, et al., 7 I. C. C. 323; Fred G. Clark Co. v. Lake Shore & Mich. So. Ry. Co., et al., 11 I. C. C. 558.

There is no express denial of joint liability.

OPINION BY MR. JUSTICE WALLING, April 17, 1916:

This is a controversy between duly chartered railroad companies as to transportation charges.   Plaintiff's railroad, formerly a facility of the Crane Iron Works, is located in Lehigh County, and connects with the railroad of the Catasauqua and Fogelsville Railroad Company, defendant.   At the request of the defendants it transported cars of freight over various parts of its line

for which it charged $2.00 per car for the round trip. Prior to plaintiff's being chartered as a railway company in 1905, like services were performed for defendants by said iron works at the agreed price of six cents per ton, which price was continued by plaintiff until January 1, 1907, when it made a flat rate alike to all customers of $2.00 per car. Defendants continued to ship over plaintiff's railway, but insisted on paying only the six cents per ton according to the old rate, which was accepted by plaintiff without prejudice, and this suit is for the difference between the rates from said last named date to April 1, 1911.

Some of the cars so transported were being used in interstate commerce and others for local traffic. Soon after being chartered plaintiff on inquiry made of the Interstate Commerce Commission, was informed that it should file schedules of its rates with said commission in Washington, which was done; and it also had schedules of rates duly printed, posted and kept open for public inspection, as required by law. Said schedules fixed the rate at $2.00 per car, as claimed in this case, and of which defendants had due notice.

The controlling facts are not controverted and in many respects are similar to those in Crane Railroad Company v. Central Railroad Co. of New Jersey, 248 Pa. 333. It is not deemed necessary here to discuss the questions there decided. In our opinion the court below properly gave judgment for the plaintiff for want of a sufficient affidavit of defense. So far as relates to interstate commerce the said schedule as filed in Washington became the lawful rate, irrespective of the acts of the parties: Central Railroad Co. of New Jersey v. Mauser, 241 Pa. 603. As to such shipments plaintiff was the transportation company with a right to fix a uniform tariff, and if unjust the defendants could seek relief in the proper forum.

As plaintiff performed the same service in the move-

ment of cars engaged in intrastate commerce, we see no illegality in charging a like rate.

Plaintiff especially avers that its charge of $2.00 per car was a reasonable charge, which averment is not denied by defendants, who with knowledge of plaintiff's rates employed it to perform the services in question. How can defendants ask the court to hold that the $2.00 rate is unreasonable, when they expressly say they can neither admit nor deny it? True they say the old rate is just, reasonable and fair and all they agreed to pay. But so far as appears plaintiff's rate was also just, reasonable and fair; and, as there is no allegation of an express contract defendants' liability is not limited by what they say they agreed to pay, for plaintiff never agreed to accept the same. Nothing appears imposing any obligation on plaintiff to adhere to the old rate of six cents per ton, formerly charged for a like service by the Crane Iron Works. As defendants knew of plaintiff's rates they have no equity by reason of the schedules fixed by them for general transportation including that performed by plaintiff.

We have reached the conclusion that judgment was properly entered against both defendants. They were jointly sued. Plaintiff's declaration avers in brief that the transportation services in question were performed for the defendants; that the cars transported were received from and delivered to the defendants; that the defendants filed, printed and kept open for public inspection, rate schedules, including that for transportation over plaintiff's road; that they received the entire freight charges and refused to pay plaintiff, except at the rate of six cents per ton.

The affidavit of defense admits inter alia, that plaintiff performed the services in question for the defendants, that defendants attended to the billing of the cars and fixed the rates for transportation thereof according to their published schedules; that defendants received the entire compensation for such transportation and paid

plaintiff in full according to the old rate of six cents per ton. Which averments and admissions make a prima facie case of joint liability.

Where A. sues B. and C. alleging the performance for them of certain services, which in their answer is admitted, the suit is well brought against both. True plaintiff avers that:

"The Catasauqua and Fogelsville Railroad Company owns a railroad extending from a point near Catasauqua, in the County of Lehigh aforesaid, to Alburtis, in the same county, and the said road is operated by the said Philadelphia and Reading Railway Company and constitutes a part of its system."

To which defendants answer as follows, viz:

"It is true, as averred in plaintiff's declaration, that the Catasauqua and Fogelsville Railroad Company owns a railroad extending from a point near Catasauqua, in the County of Lehigh, to Alburtis, in the same county, and that said railroad constitutes a part of what is designated as the "Reading System" of railroads. It is not true, however, and defendants deny, that the railroad of the Catasauqua and Fogelsville Railroad Company is operated by its codefendant, Philadelphia and Reading Railway Company. Catasauqua and Fogelsville Railroad Company is a separate operating company and operates its own railroad."

Assuming as we must that the said Catasauqua and Fogelsville Railroad Company is a separate corporation and owns and operates its own railroad, which is a part of the Reading system, it does not necessarily follow that there is not a joint liability in this case. For as to this transportation they may have been engaged in a joint adventure, or the circumstances may have been such as to render the defendants jointly liable. There is nowhere in the affidavit of defense an express denial of joint liability, or the statement of facts equivalent thereto.

The assignments of error are overruled and the judgment is affirmed.